IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JAMES M. CUYLER, | ) Civil Action No. 3:08-3261-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) **AND** |
| DEPARTMENT OF THE ARMY, | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, James M. Cuyler ("Cuyler"), filed this action on September 25, 2008. On December

8, 2008, Defendant, the Department of the Army, filed a motion for summary judgment.[1]  Cuyler,

because he is proceeding pro se, was advised on December 9, 2008, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result

in the dismissal of his complaint. Cuyler filed a response on December 22, 2008.  He also filed

motions to compel and to disqualify, discussed below.  Defendant filed a motion to stay discovery.

**MOTION TO DISQUALIFY**

The undersigned will first address Cuyler's motion to disqualify.  On April 7, 2009, Cuyler

filed a motion to disqualify the undersigned and the Honorable Cameron M. Currie, United States

District Judge, pursuant to 28 U.S.C. § 455.  Cuyler appears to argue that his motion should be

---

[1]Although titled a motion for summary judgment, this motion appears to actually be a motion to
dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6). See Doc. 10 at p. 1. The undersigned will
refer to Defendant's motion as a motion to dismiss.

granted because rulings have been unduly delayed in this action.  Defendant filed a memorandum opposing Cuyler's motion.  Cuyler filed a reply (titled "Objections") on April 30, 2009.[2]

Under section 455, a judge must recuse himself where the judge's impartiality "might reasonably be questioned," or where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a) and (b).  The inquiry is an objective one, focusing on whether an outside observer with knowledge of all of the circumstances might have some reasonable basis for questioning the judge's impartiality.  See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); United States v. Morris, 988 F.2d 1335, 1337 (4th Cir. 1993)(citing Rice v. MacKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978)).  When there is no reasonable basis for questioning the judge's impartiality, it is improper for a judge to recuse.  United States v. Glick, 946 F.2d 335, 336-37 (4th Cir. 1991).

Absent extraordinary circumstances, the source of the appearance of impropriety must be non-judicial.  Grinnell, 384 U.S. at 583; Morris, 988 F2.d at 1337 (citing In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).  In other words, "the nature of the judge's bias must be personal and not judicial." People Helpers Found, Inc. v. City of Richmond, 12 F.3d 1321, 1325 (4th Cir. 1993)(citing Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984).

---

[2]In his reply, Cuyler argues for the first time that Defendant has not answered and that Defendant filed a motion for summary judgment which Cuyler claims is "considered default."  Cuyler has not filed a motion for default.  Although Defendant's motion appears to erroneously be titled a motion for summary judgment, Defendant asks (as noted above) that this action be dismissed pursuant to Rules 12(b)(1) and/or 12(b)(6).

Rule 12(a)(2) provides that the United States or a United States agency must serve an answer to a complaint within 60 days after service on the United States attorney.  Rule 12(a)(4) alters the standard period when a Rule 12 motion is filed to allow the defendant to file an answer within 10 days of receiving notice of the court's action with respect to the Rule 12 motion.

Cuyler fails to set forth any evidence of personal bias or prejudice on the part of the undersigned or Judge Currie. He merely argues bias because he believes that the Court has taken too long to rule on his motion and/or case. Such an argument fails to show evidence of personal bias or prejudice necessary for disqualification. <u>See</u> <u>Estate of Bishop v. Equinox Inter. Corp.</u>, 256 F.3d 1050, 1058 (10th Cir. 2001)(holding that the district judge did not err in refusing to disqualify himself where he delayed scheduling a status conference and decided not to grant a request for additional discovery); <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir. 1994)("Neither the district judge's delay, nor his adverse rulings, constitute the sort of 'pervasive bias' that necessitates recusal.") A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." <u>United States v. DeTemple</u>, 162 F.3d 279, 287 (4th Cir. 1998). Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).

## **MOTION TO COMPEL AND MOTION TO STAY OR FOR A PROTECTIVE ORDER**

On February 11, 2009, Cuyler filed a motion to compel discovery. The Local Rules require that "[t]he relevant discovery requests and responses, if any, shall be filed as supporting documentation." Local Rule 37.01(B) DSC. Cuyler did not file the required supporting documentation with his motion. His motion to compel is denied.

On March 2, 2009, Defendant filed a motion to stay or for a protective order. Defendant requests that its motion be granted pursuant to Federal Rule 26 because it filed a motion to dismiss in which it asserts that this action must be dismissed for a lack of subject matter jurisdiction or in the alternative for a failure to state a claim upon which relief can be granted.

Requiring Defendant to answer Cuyler's discovery requests at this time would be unduly burdensome.  See Fed. R. Civ. P. 26; Harlow v. Fitzgerald, 457 U.S. 800 (1982)(discovery may be stayed to determine the dispositive issue of immunity of government officials); and Petrus v. Bowen, 833 F.2d 581 (5th Cir.1987)(The court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case).  Defendant's motion to stay discovery until the Court rules on its December 8, 2008 motion to dismiss is granted.

## MOTION TO DISMISS

In his Complaint, Cuyler states that he "files this conspiracy and civil rights complaint against [Defendant] for violating plaintiff's civil rights under the Fourteenth Amendment and the Fifth Amendment, **Art 32**, to the United States Constitution (due process of law) and under the color of state law provision, **42 U.S.C. § 1983**."  Complaint at 1 (emphasis in original).  He further claims:

### Counts

1.

Defendant violated plaintiff's Fourteenth Amendment rights (**42 U.S.C. § 1983**).

2.

Defendant violated plaintiff's Fifth Amendment rights (**Art. 32**).

3.

Defendant wrongfully Discharged Plaintiff.

4.

Defendant denied plaintiff equal opportunity by delaying a decision in this case more than 5 years.

Complaint at 2 (emphasis in original).  He seeks monetary damages of $5,500,000.00.  Additionally,

Cuyler seeks:

> judgment against defendant for intentional tort, compensatory and punitive damages
> in an amount to be determined by a fair and impartial jury to be sufficient to deter the
> defendant in the future and such other relief as this court may deem just and proper
> for violating plaintiff's constitutional civil rights; which has caused undue hardship,
> mental anguish and emotional stress.

Complaint at 2.

Defendant contends that its motion to dismiss should be granted because: (1) Cuyler fails to

establish jurisdiction for claims against the United States; and (2) Cuyler fails to provide sufficient

factual grounds to withstand a Rule 12(b)(6) motion.  In his opposition memorandum, Cuyler argues

that this Court has jurisdiction and that he has demonstrated that genuine issues of material fact exist.

**1.     Facts**

Cuyler provides few, if any, facts in his Complaint.  Defendant has provided facts, as detailed

below.  In his opposition memorandum, Cuyler provides a few facts, which are also noted below.

Cuyler is a former soldier in the United States Army who completed approximately twelve

years of Army service.  See Plaintiff's Opposition Memorandum at 2.  On February 1, 2003, Cuyler,

then a Sergeant (E5), was involved in a domestic dispute at a military installation in Germany.

Defendant's Ex. I, Report of Investigation dated February 13, 2003.  In his opposition memorandum,

Cuyler does not appear to dispute that a domestic dispute took place, but alleges that this dispute

began when he was assaulted by another Army employee who was having an affair with his wife.

He claims that the Army conspired to discharge him (Cuyler) to cover up the other man's acts of

infidelity.  Plaintiff's Opposition Memorandum at 3.

On March 18, 2003, Cuyler's command preferred charges against him for his involvement

in the dispute, charging him with assault and with unlawful entry.  Defendant's Ex. 2.  On April 3,

2003, an Article 32 investigative hearing[3] was held.  On April 28, 2003, the Convening Authority

referred Cuyler's case to a Bad-Conduct Discharge Special Court-Martial.[4]  Defendant's Exs. 3

and 4.

On May 19, 2003, a few days prior to the scheduled court-martial, Cuyler met with his

detailed military defense counsel and signed a written request for discharge in lieu of court-martial.[5]

See Defendant's Ex. 2.  In that request, Cuyler acknowledged that he was guilty of some or all of the

charged offenses, his request was voluntary, and he understood that he could receive a discharge

characterization of Under Other than Honorable Conditions.  Id.  In his opposition memorandum,

Cuyler claims that the Article 32 hearing was held without the claiming party, witnesses, and

investigating officer present and without all evidence being allowed to be presented at the hearing.

He claims that Defendant conspired with his military defense counsel by having counsel threaten him

with military jail if he did not sign the Chapter 10.

---

[3]An investigation pursuant to Article 32, Uniform Code of Military Justice, is a military proceeding that is similar to that of a grand jury or a preliminary hearing under civilian law.  The investigation "shall include inquiry as to the truth of the matter set forth in the charges, consideration of the form of the charges, and a recommendation as to the disposition which should be made of the case in the interest of justice and discipline."  10 U.S.C. § 832(a).

[4]Defendant provides that the maximum punishment in such a proceeding is confinement for twelve months, forfeiture of two-third pay for twelve months, reduction to the lowest pay grade (E1), and a bad-conduct discharge.

[5]Defendant provides that this is known in the Army as a "Chapter 10" request because it is governed by Army Regulation 635-200, chapter 10.

On May 21, 2003, the Convening Authority approved Cuyler's request for discharge and directed that he receive an Under Other than Honorable characterization of service. Defendant's Ex. 5. On May 26, 2003, Cuyler was officially discharged from the Army. Defendant's Ex. 6.

On August 17, 2003, Cuyler applied to the Army Discharge Review Board ("ADRB"), requesting a discharge upgrade from Other than Honorable to Honorable. Defendant's Ex. 7. The ADRB denied Cuyler's request on April 30, 2004, stating that he was "properly and equitably discharged." Defendant's Ex. 8.

Cuyler applied to the ADRB again approximately a month later, again requesting that his discharge be upgraded. Defendant's Ex. 9. He claimed that racism was a factor in his Article 32 hearing and that his attorney pressured him to sign a request for discharge in lieu of court-martial. On December 10, 2004, the ADRB upgraded Cuyler's discharge to Honorable and changed the reason for his separation to "Secretarial Authority." Defendant's Ex. 10.

On March 17, 2005, Cuyler applied to the Army Board for Correction of Military Records ("ABCMR") requesting a change in his military records to reflect, instead of an Honorable discharge, retirement as a Staff Sergeant E6 (one rank higher than the highest rank he actually held). Defendant's Ex. 11. He based his request on "racial discrimination." On December 20, 2005, the ABCMR denied Cuyler's requests. Defendant's Ex. 12.

On May 2, 2006, Cuyler applied to the ABCMR for reconsideration. Defendant's Ex. 13. He requested reinstatement to active duty and back pay from the date of discharge. He alleged that his Fifth Amendment rights were violated through an unjust Article 32 hearing. He also alleged malpractice against his military defense attorney for using a "scare tactic" to pressure him to sign the request for discharge in lieu of trial by court-martial. On December 12, 2006, the ABCMR denied

7

Cuyler's request for reconsideration. Defendant's Ex. 14. The ABCMR reasoned that Cuyler's voluntary, written request for discharge was administratively correct and conformed to applicable regulations.     Additionally, the ABCMR noted that while the ADRB changed Cuyler's characterization of service (to Honorable) and reason for separation, it noted that the discharge itself was proper. Id.     On March 4, 2007, Cuyler requested in a letter that ABCMR reinvestigate several alleged problems with his Article 32 hearing, his request for discharge, malpractice of his attorney, and racism among named Army officers within his prior military community. Defendant's Ex. 15. On March 16, 2007, the ABCMR explained in writing that it was not an investigative body and could not address the issues raised by Cuyler. Defendant's Ex. 16.

On June 20, 2007, Cuyler submitted a second reconsideration request to the ABCMR. He requested retirement, alleging that he had been unable to retire from the Army due to "unconstitutional procedures, conspiracy, inequitable treatment, and lack of proprietary standards." Defendant's Ex. 17. The ABCMR denied Cuyler's request on October 15, 2007, explaining that Cuyler failed to submit it within the required one year time frame following the ABCMR's prior decision. Defendant's Ex. 18.

### 2.     Standard for Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to adjudicate the claims brought before it. Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." Thigpen v. United States, 800 F.2d 393, 401 n. 15 (4th Cir.1986), rejected on other grounds, Sheridan v. United States, 487 U.S. 392 (1988). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction.

8

Id.  If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction.  Id.

A "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based.  In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citations omitted).  A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (citations omitted).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe factual allegations in the nonmoving party's favor and will treat them as true, Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), but is "not so bound with respect to [the complaint's] legal conclusions."  Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir.1979). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

3:08-cv-03261-CMC     Date Filed 06/02/09     Entry Number 23     Page 10 of 15

**3.     12(b)(1) Subject Matter Jurisdiction**

Defendant contends that Cuyler fails to establish jurisdiction for claims against the United

States because he can show neither a waiver of sovereign immunity nor a grant of subject matter

jurisdiction for the claims he asserts.  Specifically Defendant argues that: (1) the United States has

not waived sovereign immunity under 42 U.S.C. § 1983; (2) Cuyler's complaint is void of factual

allegations; (3) Cuyler's tort claims fail to establish subject matter jurisdiction; (4) Cuyler cannot

recover punitive damages against the United States; and (5) Cuyler's claims in excess of $10,000

exceed the jurisdictional limits of this Court pursuant to the Tucker Act.  Cuyler argues that this court

has subject matter jurisdiction because he has exhausted his available remedies in military court.

Defendant contends that § 1983 does not permit a waiver of sovereign immunity and that

Cuyler fails to establish the grounds for the Court's jurisdiction or a waiver of sovereign immunity.

Cuyler does not specifically address Defendant's arguments, but contends that this court has

jurisdiction pursuant to McKart v. United States, 395 U.S. 185 (1969).[6]

The United States cannot be sued without its express consent, and express consent is a

prerequisite to a suit against the United States.  United States v. Mitchell, 463 U.S. 206, 212 (1983).

Cuyler fails to show that the United States has consented to suit.

---

[6]In McKart, the United States Supreme Court held that McKart's "failure to appeal his [military] classification and his failure to report for his pre-induction physical did not bar a challenge to the validity of his classification as a defense to his criminal prosecution for refusal to submit to induction." McKart, 395 U.S. at 1667-1668.  The Supreme Court further held that McKart was entitled to exemption from military service as a sole surviving son. Id. at 1668.  It is unclear how this decision indicates that this Court has jurisdiction in Cuyler's action.

The undersigned construes Cuyler's constitutional claims as a <u>Bivens</u> action.[7]  A <u>Bivens</u> action, however, may not be brought against agencies or departments of the United States.  <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994) (declining to extend <u>Bivens</u> remedy to federal agencies).  Further, enlisted military personnel may not bring suit against their superior officers for constitutional violations that "arise out of are in the course of activity incident to service."  <u>United States v. Stanley</u>, 483 U.S. 669, 684 (1987).

Defendant also contends that Cuyler's Complaint contains very few factual allegations and does not invoke the jurisdiction of the Court.  Cuyler fails to provide facts or evidence upon which subject matter jurisdiction may be based.  <u>See</u> <u>Adams v. Bain</u>, 697 F.2d 1213 (4th Cir. 1982).

To the extent that Cuyler has alleged sufficient facts to survive a facial challenge as to his claim that Defendant denied him equal opportunity by delaying a decision in his case for more than five years, Defendant challenges the factual allegations upon which subject matter jurisdiction is based.  Defendant has presented sufficient evidence, as detailed in the "facts" section above, to show that Cuyler's claims were addressed and decisions were made on his claims (by the ADRB and/or the ABCMR) on at least six occasions from the time of his discharge (May 2003) until the most

---

[7] <u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).  In <u>Bivens</u>, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law.  <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-820 & n. 30 (1982).  <u>Harlow</u>, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in <u>Harlow</u>, the Supreme Court stated that <u>Harlow</u> was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in <u>Bivens</u> actions and vice versa.  <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>see also</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985); <u>Osabutey v. Welch</u>, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and <u>Tarantino v. Baker</u>, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987), <u>cert. denied</u>, <u>North Carolina v. Tarantino</u>, 489 U.S. 1010 (1989).

recent (October 2007) decision (second request for reconsideration to the ABCMR). Cuyler has not

set forth any specific facts beyond the pleadings to show that a genuine issue of material fact exists.

As noted above, Cuyler alleges a claim for "intentional tort." It is unclear, but he may be

attempting to assert a claim under the Federal Tort Claims Act ("FTCA").[8] He, however, has not

alleged a claim against the United States or asserted that he filed an administrative claim under the

FTCA. Further, Congress has enacted several exceptions to this limited waiver of sovereign

immunity, including the so-called "intentional torts proviso" which bars liability against the United

States for certain intentional torts, including abuse of process and malicious prosecution, committed

by its employees. See 28 U.S.C. § 2680(h).

Cuyler seeks punitive damages for his claims. Complaint at 2. To the extent that Cuyler is

seeking punitive damages pursuant to the FTCA, his claims should be dismissed because the FTCA

provides that the United States shall not be liable for punitive damages. 28 U.S.C. § 2674.

Cuyler alleges that Defendant wrongfully discharged him. Although he does not present a

jurisdictional basis for this claim, he may be attempting to make a claim pursuant to the Tucker Act

for pay and benefits. The Tucker Act, 28 U.S.C. § 1346, provides that the Court of Federal Claims

---

[8]The FTCA is a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671 et seq. A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). The provisions of the FTCA are to be strictly construed. United States v. Kubrick, 444 U.S. 111, 117-8 (1979)(FTCA waiver should not be extended or narrowed beyond that which Congress intended). Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. See O'Rourke v. Eastern Air Lines, Inc., 730 F.2d 842, 855 (2d Cir. 1984), superannuated, in part, on unrelated grounds, Salve Regina College v. Russell, 499 U.S. 225 (1991).

may, in appropriate military back pay cases, "provide an entire remedy," including "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2). The Claims Court has found that it has "explicit statutory authority" to provide relief for complaints requesting "back pay, reinstatement, and correction of records." Mitchell v. United States, 930 F.2d 893, 895-96 (Fed. Cir. 1991)(holding that a service member's request for back pay fell within the jurisdiction of the Claims' Court); see also Andrews v. Webb, 685 F.Supp. 579 (E.D.Va. 1988) (involving former marine officer's request for back pay). The United States Court of Federal Claims and district courts have original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. 28 U.S.C. § 1346(a)(2). For claims in excess of $10,000, however, the Court of Federal Claims has exclusive jurisdiction. See 28 U.S.C. § 1491; Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). The plaintiff bears the burden of demonstrating that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction. See Schmidt v. U.S. Army Corps of Engineers, 2008 WL 2783292, at *6 (W.D. Mich. July 15, 2008). All claims under the Tucker Act are subject to a six-year statute of limitations, see 28 U.S.C. § 2501.

Cuyler has not specified his damages as to his claim for wrongful discharge. Defendant, however, has provided information indicating that at the time of his discharge, Cuyler's remaining time on his re-enlistment contract was almost three years and that the amount of back pay that would be due to a Sergeant (E5) for almost three years of service exceeds $10,000. See Defendant's Ex. 6 and 19. Cuyler has not shown that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction.

13

**4.      12(b)(6) Failure to State a Claim**

In the alternative, Defendant contends that this action should be dismissed pursuant to Rule

12(b)(6) because Cuyler provides insufficient factual grounds to withstand a Rule 12(b)(6) motion.

Cuyler merely argues that Defendant's argument is without merit.

Cuyler fails to state a claim.  As noted above, his complaint contains very few facts.  Viewing

those facts in the light most favorable to Cuyler, he fails to state a claim upon which relief can be

granted.  For example, Cuyler asserts that his Fifth Amendment rights were violated, but provides

no facts to allow meaningful analysis of his claim and does not specify what Defendant did that

violated his Fifth Amendment rights.  Cuyler fails to allege enough facts to state a claim for relief

that is plausible on its face.  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's motion to disqualify (Doc. 18) be

**denied** and that Defendant's motion to dismiss (Doc. 10) be **granted**.  **IT IS ORDERED that**

**Plaintiff's motion to compel (Doc. 15) is denied and that Defendant's motion to stay (Doc. 16)**

**is granted.**

Joseph R. McCrorey
United States Magistrate Judge

June 1, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).