**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| James M. Cuyler, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:08-3261-CMC |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| Department of the Army, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of an Order and Report and Recommendation ("Order and Report") entered on June 8, 2009. *See* Dkt. No. 22 (filing document as "Order") & Dkt. No. 23 (filing same document as "Report and Recommendation"). The Order and Report: (1) grants Defendant's motion to stay discovery pending resolution of its dispositive motion; (2) denies Plaintiff's corresponding motion to compel discovery; (3) denies Plaintiff's motion to disqualify the assigned judges; and (4) recommends that the action be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Order and Report is affirmed to the extent it addresses non-dispositive matters and is adopted in full to the extent it addresses dispositive matters.

**STANDARDS**

**A.      Pretrial Order on Non-dispositive Matters**

To obtain reversal of the Magistrate Judge's order on non-dispositive matters, Plaintiff must "show that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). *See also* Fed. R. Civ. P. 72(a) ("The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."). Objections to a magistrate judge's non-dispositive order must be filed "within ten days after being

served with a copy" of the order to which objection is made. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*

B.     **Report and Recommendation on Dispositive Matters**

The Magistrate Judge makes only a recommendation to this court on dispositive motions. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

A.     **Order on Non-dispositive Matters**

**Recusal.** Plaintiff objects to the Report's denial of his motion to disqualify both the Magistrate Judge and the undersigned from presiding over this action. Dkt. No. 26 at 5. As explained in the Report, nothing in Plaintiff's argument suggests any appropriate basis for disqualification such as a conflict of interest or other personal bias on the part of either judge. Instead, Plaintiff relies on the court's alleged inordinate delay in resolving the pending motions in

this matter. This argument mischaracterizes the proceedings.[1] Even if the characterization were correct, however, the delay would not justify recusal for reasons addressed in the Order and Report. *See* Dkt. No. 23 at 3.[2]

To the extent Plaintiff objects to the denial of his motion to disqualify the Magistrate Judge, the court has reviewed the Magistrate Judge's ruling for clear error. To the extent Plaintiff objects to the denial of his motion to disqualify the undersigned, the court has reviewed the ruling *de novo* given the undersigned's independent duty to avoid a conflict of interest. Under either standard, the undersigned agrees with the Magistrate Judge that there is no basis for disqualification. To the

---

[1] Plaintiff asserts that the court has taken nine months to address "more than 10 motions and objections" filed in this matter. Dkt. No. 26 at 5. This reflects a misunderstanding of the proceedings. First, the action had been pending for less than seven months at the time the motion to disqualify was filed. *See* Dkt. No. 1 (complaint filed September 26, 2009). Service was completed no sooner than October 6, 2009. *See* Dkt. No. 9 (proof of service filed November 6, 2008). Defendant timely responded to the complaint by filing a motion to dismiss on December 8, 2008 (a Monday, and therefore, timely if the deadline for answering ran on Saturday, December 6, 2009). *See* Dkt. No. 10 (labeled as a motion for summary judgment but seeking dismissal under Fed. R. Civ. P. 12(b)(1) and (6) as the primary relief). Plaintiff responded to that motion on December 22, 2008. Thus, at the earliest, the Magistrate Judge might have begun consideration of the motion to dismiss in early January 2009, when the time allowed for a reply expired.

Before the initial motion could be considered, other related motions were filed. *See* Dkt. No. 15 (Plaintiff's motion to compel); Dkt. No. 16 (Defendant's motion to stay discovery); Dkt. No. 18 (Plaintiff's motion to disqualify the assigned judges). These motions were not ripe until April 30, 2009. *See* Dkt. No. 20 (Plaintiff's "objection" to Defendant's response to motion to disqualify judges). The Order and Report and Recommendation were filed roughly five weeks later. This is not undue delay. In any event, there is no prejudice to Plaintiff as the result would have been the same had the court resolved the motion to dismiss immediately after that motion became ripe.

[2] In his objections, Plaintiff adds a new argument that the court's "bias and prejudice" is established by the Magistrate Judge's inclusion of a notice with the Order and Report addressing the timing and form requirements for objections. Specifically, Plaintiff asserts that inclusion of the notice advising him that he must file a written objection within ten days "is intentional discrimination and violation of plaintiff['s] civil rights (due [p]rocess of law)." This argument misapprehends the intent of the notice which is to aid Plaintiff in protecting his legal rights.

extent it is an order, the Magistrate Judge's *ruling* on the disqualification motion is, therefore, affirmed. To the extent it is a *recommendation*, it is adopted in full.

**Discovery-Related Motions.** Plaintiff objects to the Magistrate Judge's granting of Defendant's motion to stay discovery and denial of Plaintiff's motion to compel discovery. The court finds no abuse of discretion in either regard and, in any event, agrees with the Magistrate Judge's reasoning and result even under a *de novo* standard of review.

The court, nonetheless, notes that Defendant could and should have avoided the discovery-related concerns by filing a motion to stay deadlines and discovery at the same time it filed its motion to dismiss. *See* Local Civil Rule 16.00(C) (allowing filing of a request to stay deadlines based on pendency of a motion to dismiss but requiring that motion to stay be filed by separate motion).

## B.     Recommendation on Dispositive Matters

In objecting to the recommendation that the matter be dismissed for lack of subject matter jurisdiction, Plaintiff relies on "pendent [subject matter] jurisdiction under 28 U.S.C. § 1367." He suggests such jurisdiction is proper because he "has exhausted all his remedies in military court." Dkt No. 26 at 2. He also asserts that this court has jurisdiction under 28 U.S.C. § 1331 because he has asserted a claim under 28 U.S.C. § 1983.   Neither argument is persuasive.

The supplemental jurisdiction provisions of Section 1367 cannot, alone, support a finding of subject matter jurisdiction. This is because Section 1367 only allows a court to exercise "supplemental jurisdiction over . . . other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy[.]"   28 U.S.C. § 1367(a).

4

Plaintiff relies, in particular, on *McKart v. United States*, 395 U.S. 185 (1969), which held that a defendant charged with willfully and knowingly failing to report for induction into the armed forces was not precluded from challenging his draft classification in the process of defending against the criminal charges even though he had failed to appeal his classification (exhaust administrative remedies) prior to his scheduled induction.  Thus, the Court's consideration of any "collateral" issues in *McKart*, a criminal proceeding brought *by* the United States, does not support a finding of subject matter jurisdiction in this civil proceeding brought *against* the United States.  In any event, the court did not address issues of supplemental jurisdiction in a civil case.

Plaintiff's reliance on his characterization of his claims as claims arising under Section 1983 is, likewise, misplaced because no such claim may be asserted against the United States or its agencies.  Dkt. No. 23 at 10.  Even if deemed a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the claim fails for the reasons set forth in the Report.  Dkt. No. 23 at 11.

Plaintiff has not objected to the Report's multiple additional reasons for finding a lack of subject matter jurisdiction and inadequacy under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  These aspects of the Report have, therefore, been reviewed for clear error.  The court finds no such error.

## CONCLUSION

For the reasons set forth above, the court affirms the Magistrate Judge's non-dispositive rulings granting Defendant's motion to stay discovery and denying Plaintiff's motions to compel discovery and disqualify the judges to whom the matter is assigned and adopts the Magistrate Judge's underlying reasoning as supplemented above.  The court also adopts the recommendations

as to the motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. This matter is, therefore, dismissed without prejudice pursuant to these rules.

    IT IS SO ORDERED.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 22, 2009